PORFILIO, J.,
dissenting.
I respectfully dissent.
Although I agree with most of the court’s analysis of the issues of this case, I have reservations about the sufficiency of the evidence to support the district court’s conclusion Ms. Ratliff held a “position of trust.” I believe, as the majority notes, our caselaw requires that a person in a position of trust within a commercial setting be more than trustworthy. Here, to have a position of trust, Ms. Ratliff had to have been in a managerial rather than a ministerial position. Although Mr. Wynn testified Ms. Ratliff was “trusted” and needed “very little oversight,” the actual substance of her duties is unclear. Indeed, I believe Mr. Wynn’s testimony on that subject was internally conflicting.
The prosecutor framed his questions to Mr. Wynn in terms of the trust and responsibility he gave Ms. Ratliff, and Mr. Wynn answered in kind. As a result, the evidence elicited during the sentencing hearings failed to show the details of the *844 discretion and authority Ms. Ratliff had in her position with Jim Wynn, Inc. What did she do on a regular basis to distinguish her as the leader of other employees, either when the Wynns were present to supervise her, or when they were not? Consequently, as distasteful as it may seem, I believe this case should be remanded for a fuller exploration of what Ms. Ratliff actually did that would show she had managerial authority.